**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DARREN PETTY, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| GREGORY C. DOZIER, | :: | CIVIL ACTION NO. |
| *Commissioner of the Georgia* | :: | 1:17-CV-3029-WSD-RGV |
| *Department of Corrections*, | :: | |
| Respondent, | :: | |

## <u>FINAL REPORT AND RECOMMENDATION</u>

Petitioner Darren Petty, who is currently on probation, has filed this 28 U.S.C.
§ 2254 petition to challenge his April 14, 2011, convictions in the Superior Court of
DeKalb County. This matter is currently before the Court on the petition, [Doc. 1],
and respondent's motion to dismiss the petition as untimely, [Doc. 9.] Because
petitioner has not responded to the motion to dismiss, it is deemed unopposed. <u>See</u>
LR 7.1B, NDGa. For the reasons that follow, it is **RECOMMENDED** that
respondent's motion to dismiss, [Doc. 9], be **GRANTED** and that this action be
**DISMISSED** as time barred.

# I. PROCEDURAL HISTORY

On April 14, 2011, petitioner entered an <u>Alford</u>[1] plea to four counts of theft by receiving stolen property, and the Superior Court of DeKalb County imposed a total sentence of fifteen years on probation. [Doc. 10-2]. Petitioner did not then file a notice of appeal, but more than two years and nine months later on January 14, 2014, he "purportedly filed a motion to withdraw his plea and vacate his sentence." <u>Petty v. State</u>, No. A14D0459 (Ga. Ct. App. Aug. 8, 2014). [Doc. 10-3]. Petitioner subsequently filed an application for a discretionary appeal, which the Georgia Court of Appeals dismissed because he did not include a copy of the order he sought to appeal. [<u>Id.</u>].

Then, on June 30, 2014, more than three years after his sentence was entered, petitioner filed a notice of appeal from his sentence, which the Georgia Court of Appeals dismissed as untimely. <u>Petty v. State</u>, No. A15A0073 (Ga. Ct. App. Sept. 10, 2014). [Doc. 10-4]. Petitioner then filed a second notice of appeal that also was dismissed as untimely. <u>Petty v. State</u>, No. A15A0616 (Ga. Ct. App. Dec. 16, 2014).

---

[1] <u>North Carolina v. Alford</u>, 400 U.S. 25, 37 (1970) (the court may accept defendant's guilty plea despite his claims of innocence where "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt").

AO 72A
(Rev.8/82)

[Doc. 10-5]. The Georgia Supreme Court denied certiorari on April 20, 2015. Petty v. State, No. S15C0674 (Ga. Apr. 20, 2015). The Georgia Supreme Court dismissed a second certiorari petition as untimely on April 17, 2017, and denied reconsideration on May 15, 2017. Petty v. State, No. S17C0408 (Ga. Apr. 17, 2017).

On August 29, 2014, petitioner filed a pro se habeas corpus petition in the Superior Court of DeKalb County. [Doc. 10-6]. On July 21, 2015, the state habeas court dismissed the petition without prejudice because petitioner had not served the respondents as ordered by the court. [Doc. 1 at 15]. On that same day, petitioner filed a second pro se habeas corpus petition, [Doc. 10-7], which the state habeas court dismissed as untimely, [Doc. 10-8]. The Georgia Supreme Court dismissed petitioner's application for a certificate of probable cause to appeal because he had not timely filed a notice of appeal in the Superior Court of DeKalb County. [Doc. 1 at 17].

Petitioner filed this § 2254 petition on July 19, 2017.[2] [Doc. 1 at 14]. As grounds for relief, petitioner asserts that: (1) Officer Lewis gave false testimony in

---

[2] Pursuant to the "mailbox rule," a pro se prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2254, Rule 3(d); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

3

support of the warrant; and (2) the prosecuting attorney failed to "act or help protect [petitioner's] rights." [Id. at 5-7]. Respondent moves to dismiss the petition as untimely. [Doc. 9-1 at 3-8].

## II. DISCUSSION

A § 2254 petition is subject to a statutory one-year limitation period, which runs from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In this case, there is no claim that the circumstances set forth in subparagraphs (B) through (D) above apply. Thus, the one-year limitations period began to run on Monday, May 16, 2011, since petitioner did not file a notice of appeal

4

within 30 days after entering his <u>Alford</u> plea on April 14, 2011. <u>See</u> O. C. G. A. § 5-6-38(a) (notice of appeal must be filed within thirty days after entry of judgment); <u>Bridges v. Johnson</u>, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that prisoner's conviction became final under § 2244(d)(1)(A) when the time for filing a direct appeal expired); Ga. Ct. App. R. 3 ("When a filing deadline falls on a Saturday, . . . the deadline is extended to the next business day."). Petitioner's unsuccessful attempts to directly appeal his sentence years after it was entered does not affect this calculation. <u>Cf.</u> <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 121 (2009) (holding that "where a state court ***grants*** a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A).") (emphasis added); <u>see</u> <u>also</u> <u>Davis v. Crews</u>, No. 4:12cv581-WS/CAS, 2013 WL 491976, at *2 (N. D. Fla. Jan. 11, 2013) (finding that unsuccessful motion for leave to file a belated appeal did not alter the date of finality), <u>report and recommendation adopted</u>, 2013 WL 500247, at *1 (N.D. Fla. Feb. 11, 2013). Accordingly, absent tolling, petitioner had until May 16, 2012, to file this § 2254 petition.

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending." 28 U.S.C. § 2244(d)(2).  Neither petitioner's "motion to withdraw his plea and vacate his sentence" nor his subsequent state habeas petitions tolled the limitations period because petitioner filed them after the limitations period had expired.  See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it." (citation omitted)).

Petitioner does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his federal petition. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (A plea of actual innocence, if proved, can overcome the one-year limitations period for filing a federal habeas corpus action.); Holland v. Florida, 560 U.S. 631, 649 (2010) (The limitations period set forth in "§ 2244(d) is subject to equitable tolling" when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (citation omitted). Accordingly, this § 2254 petition, which petitioner filed on July 19, 2017, is untimely by approximately five years and two months.

### III.  CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a

AO 72A
(Rev.8/82)

certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Where, as here, a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing Slack, 529 U.S. at 484). Because

7

petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action as time barred, he should be denied a COA.

## IV. CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that respondent's unopposed motion to dismiss, [Doc. 9], be **GRANTED**, that this action be **DISMISSED** as time barred, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 2nd day of NOVEMBER, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)