IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARREN PETTY,

          Petitioner,

v.

GREGORY C. DOZIER,
Commissioner of the Georgia
Department of Corrections,

          Respondent.

1:17-cv-3029-WSD

## OPINION AND ORDER

This matter is before the Court on Respondent Gregory C. Dozier's ("Respondent") Motion to Dismiss as Untimely [9] and Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [11] (the "Final R&R"). The Final R&R recommends the Court grant Respondent's unopposed Motion to Dismiss, dismiss Darren Petty's ("Petitioner") 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [1] (the "Petition") as time-barred, and deny the Certificate of Appealability. Also before the Court are Petitioner's Objections to the Final R&R [13].

## I. BACKGROUND

### A. Facts[1]

Petitioner, who is currently on probation, has filed this Petition to challenge his April 14, 2011, convictions in the Superior Court of DeKalb County. On April 14, 2011, Petitioner entered a guilty plea under North Carolina v. Alford, 400 U.S. 25 (1970), to four counts of theft by receiving stolen property and received a concurrent sentence of fifteen years on probation for each count. ([10.2]).

Petitioner did not then file a notice of appeal, but more than two years and nine months later, on January 14, 2014, he "purportedly filed a motion to withdraw his plea and vacate his sentence." Petty v. State, No. A14D0459 (Ga. Ct. App. Aug. 8, 2014). ([10.3]). Petitioner subsequently filed an application for a discretionary appeal, which the Georgia Court of Appeals dismissed because he did not include a copy of the order he sought to appeal. (Id.).

On June 30, 2014, more than three years after his sentence was entered, Petitioner filed a notice of appeal from his sentence, which the Georgia Court of Appeals dismissed as untimely. Petty v. State, No. A15A0073 (Ga. Ct. App. Sept. 10, 2014). ([10.4]). Petitioner then filed a second notice of appeal that also was

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

2

dismissed as untimely.  Petty v. State, No. A15A0616 (Ga. Ct. App. Dec. 16, 2014).  ([10.5]).  The Georgia Supreme Court denied certiorari on April 20, 2015.  Petty v. State, No. S15C0674 (Ga. Apr. 20, 2015).  The Georgia Supreme Court dismissed a second certiorari petition as untimely on April 17, 2017, and denied reconsideration on May 15, 2017.  Petty v. State, No. S17C0408 (Ga. Apr. 17, 2017).

On August 29, 2014, Petitioner filed a *pro se* habeas corpus petition in the Superior Court of DeKalb County.  ([10.6]).  On July 21, 2015, the state habeas court dismissed the petition without prejudice because Petitioner had not served the respondents as ordered by the court.  ([1] at 15).  On that same day, Petitioner filed a second *pro se* habeas corpus petition, [10.7], which the state habeas court dismissed as untimely, [10.8].  The Georgia Supreme Court dismissed Petitioner's application for a certificate of probable cause to appeal because he had not timely filed a notice of appeal in the Superior Court of DeKalb County.  ([1] at 17).

Petitioner filed the Petition on July 19, 2017.  ([1] at 14).  As grounds for relief, Petitioner asserts that: (1) Officer K. B. Lewis gave false testimony in support of the warrant; and (2) the prosecuting attorney failed to "act or help protect [Petitioner's] rights."  (Id. at 5-7).

3

On September, 25, 2017, Respondent moved to dismiss the petition as untimely. ([9.1] at 3-8). Petitioner did not respond to Respondent's motion to dismiss. (See [11] at 1). On November 2, 2017, the Magistrate Judge issued his Final R&R, recommending the Court grant Respondent's unopposed Motion to Dismiss, dismiss this action as time-barred, and deny the Certificate of Appealability. ([11]). The Magistrate Judge reasoned that there was no basis to toll Section 2254's one-year limitations period. (Id. at 4).

On November 20, 2017, Petitioner filed his "Motion of Filing Objection and Motion to Grant Certificate of Appealability" (the "Objections"). ([13]). In the Objections, Petitioner appears to assert that he did not respond to the motion to dismiss because of "mail box thefts and home burglary." ([13] at 1). In objecting to dismissal, he argues that he was incarcerated during the statutory period and therefore "had no home or permanent address which prevented plaintiff who is not a [sic] attorney time not [sic] environment to study the law and seek or discover all legal remedies to correct perjury information of Officer Lewis." (Id. at 1-2).

Next, Petitioner argues that the statutory period should have been tolled by the "Post Conviction pending investigation" by the Dekalb County District Attorney's Office. For support, Petitioner includes a letter from the Public Integrity Unit of the District Attorney's Office, dated September 28, 2015,

4

notifying Petitioner that there was sufficient information to initiate a preliminary investigation regarding Police Officer K. B. Lewis. (Id. at 4).

## II. DISCUSSION

### A. Standard of Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Because Petitioner objects to the R&R, the Court conducts its *de novo* review.

### B. Timeliness of the Habeas Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), imposes a one-year statute of limitations for habeas corpus petitions. That period runs from the latest of the following:

5

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA allows for tolling of the time period curing certain state court proceedings. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, there is no claim that the circumstances set forth in subparagraphs (B) and (C) above apply. Respondent argues that the Petition is untimely under subsection (A) because Petitioner did not file the Petition within one year of the date upon which his conviction became final. ([9.1] at 3). In his Objections, Petitioner appears to argue, apparently under subparagraph (D), that evidence of perjury by Officer Lewis, and the alleged investigation by the District

Attorney's Office, should toll the statute. ([13] at 2). He further argues that there are several still-pending post-conviction proceedings that toll the limitations period. (Id.).

1. Finality of Petitioner's Conviction

Petitioner's convictions were "final" on Monday, May 16, 2011, when the time for filing a notice of appeal expired. The one-year limitations period began to run on that date because Petitioner did not file a notice of appeal within 30 days after entering his Alford plea on April 14, 2011. See O. C. G. A. § 5-6-38(a) (notice of appeal must be filed within thirty days after entry of judgment); Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that prisoner's conviction became final under § 2244(d)(1)(A) when the time for filing a direct appeal expired); Ga. Ct. App. R. 3 ("When a filing deadline falls on a Saturday, . . . the deadline is extended to the next business day.").

Petitioner's unsuccessful attempts to directly appeal his sentence years after it was entered does not affect this calculation. Cf. Jimenez v. Quarterman, 555 U.S. 113, 121 (2009) (holding that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)."); see also Davis v. Crews, No. 4:12cv581-

Attorney's Office, should toll the statute. ([13] at 2). He further argues that there are several still-pending post-conviction proceedings that toll the limitations period. (Id.).

1. Finality of Petitioner's Conviction

Petitioner's convictions were "final" on Monday, May 16, 2011, when the time for filing a notice of appeal expired. The one-year limitations period began to run on that date because Petitioner did not file a notice of appeal within 30 days after entering his Alford plea on April 14, 2011. See O. C. G. A. § 5-6-38(a) (notice of appeal must be filed within thirty days after entry of judgment); Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that prisoner's conviction became final under § 2244(d)(1)(A) when the time for filing a direct appeal expired); Ga. Ct. App. R. 3 ("When a filing deadline falls on a Saturday, . . . the deadline is extended to the next business day.").

Petitioner's unsuccessful attempts to directly appeal his sentence years after it was entered does not affect this calculation. Cf. Jimenez v. Quarterman, 555 U.S. 113, 121 (2009) (holding that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)."); see also Davis v. Crews, No. 4:12cv581-

WS/CAS, 2013 WL 491976, at *2 (N. D. Fla. Jan. 11, 2013) (finding that unsuccessful motion for leave to file a belated appeal did not alter the date of finality), report and recommendation adopted, 2013 WL 500247, at *1 (N.D. Fla. Feb. 11, 2013). Accordingly, absent tolling, petitioner had until May 16, 2012, to file his § 2254 petition.

In the Objections, Petitioner argues that the statute of limitations should be tolled because of "several post conviction relief [sic] that is pending . . . that has not answered [sic] since February 10, 2014." ([13] at 2). Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Neither Petitioner's "motion to withdraw his plea and vacate his sentence" nor his subsequent state habeas petitions tolled the limitations period because petitioner filed them after the limitations period had expired. See <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it.") (citation omitted).

      2.     Tolling Due to Investigation of Officer Lewis

Petitioner provides a letter from the DeKalb County District Attorney's Office, dated September 28, 2015, in which the District Attorney informs Petitioner that the Public Integrity Unit had reviewed Petitioner's complaint and

8

found sufficient information to initiate a preliminary investigation against Officer K.B. Lewis. ([13] at 4).

Petitioner argues that this is a post-conviction pending investigation that should toll the statute. This argument, if cognizable, appears to fall under subparagraph (D), which states that the statutory period may begin on "the date on which the factual predicate of the claim or claims presented could have been discovered." 28 U.S.C. § 2254(d)(1)(D). The Petitioner does not, however, provide any evidence that the factual predicate of the alleged perjury was unknown to him. To the contrary, the letter provides evidence that the factual predicate underlying his Petition was known to him. It acknowledges that Petitioner "raised similar issues with [the District Attorney's Office] in a pending habeas corpus petition." ([13] at 4). This is likely a reference to Petitioner's state habeas corpus petition in the Superior Court of DeKalb County that was filed on August 29, 2014, in which Petitioner first raised issues related to Officer Lewis's testimony. ([10.6]). Even if Petitioner did not discover the factual predicate that is the basis of the Petition—Officer Lewis's alleged perjury—until the date of filing his state court petition, the Petition is still time barred because it was filed almost three years later, on July 19, 2017. ([1] at 14). Thus, the letter discussed in the

Objections does not provide any basis for Petitioner's discovery of new information.

      C.    <u>Certificate of Appealability</u>

A federal habeas "applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a). A court may issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

> When the district court denies a habeas petition on procedural grounds . . ., a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Slack</u>, 529 U.S. at 484.

The Magistrate Judge found that a COA should be denied because it is not debatable that Petitioner fails to assert claims warranting federal habeas relief. ([11] at 6-8). The Court agrees, and a COA is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [11] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections to the R&R [13] are **OVERRULRED**.

**IT IS FURTHER ORDERED** that Respondent Gregory C. Dozier's Motion to Dismiss as Untimely [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 7th day of December, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE